CASE 81—ACTION FOR BREACH OF CONTRACT—MAY 29.

# Tecumseh Mills v. L. & N. R. R. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

CARRIERS—CONTRACT LIMITING COMMON LAW LIABILITY—EXTRA-TER-
RITORIAL EFFECT OF CONSTITUTION.

Held:   Constitution, section 196, providing that "no common carrier
shall be permitted to contract for relief from its common law
liability," does not prohibit a carrier incorporated in Kentucky
from contracting in another State for exemption from liability
for loss by fire, where the goods shipped are in that State, and
are not even to pass through Kentucky.

W. G. ANDERSON AND H. S. & M. S. BARKER, ATTORNEYS FOR AP-
PELLANT.

1. The right of a common carrier to limit by contract its common
law liability.  Constitution of Kentucky, sec. 196; Penn. R. R. Co.
v. Miller, 132 U. S., 75.
2. The constitutional provision must prevail wherever a common car-
rier's liability is called into question.  Bank of Augusta v. Earle,
13 Peters, 587; Relfe v. Rundle, 103 U. S., 225; Canada Southern
R. R. Co. v. Gebhard, 109 U. S., 537; Rust v. United Water
Works Co., 7 U. S., Cir. Ct. of App. Rep., 22; Cromies' Heirs v.
Lou. Orphans' Home, &c., 3 Bush, 365; Ohio & Miss. R. R. Co. v.
Tabor, 17 Ky. Law Rep., 568-1411; Brown v. Ill. Central R. R.
Co. &c., 18 Ky. Law Rep., 974; Lathrop v. The Com. Bank of
Scioto, 8 Dana, 114.

(Additional brief.)

Impairment of contracts by legislation.  Fertilizing Co. v. Hyde Park,
97 U. S., 659; Chicago Life Ins. v. Needles, 113 U. S., 574; Pear-
sall v. Great Northern Ry., 161 U. S., 646; Lou. & Nash. R. R.
Co. v. Kentucky, 161 U. S., 677; Gregory's Ex'rx v. Trustees
Shelby College, 2 Met., 589.

LYTTLETON COOKE, ATTORNEY FOR APPELLEE.

Inconsistency in pleadings in violation of the Civil Code.  Sub-section
4 of section 13 of the Civil Code.

Tecumseh Mills v. L. & N. R. R. Co.

When the allegations in the petition are inconsistent with the exhibits filed as part thereof, the exhibits control. Boyd v. Bethel, 10 Ky. Law Rep., 470; City of Louisville v. Connell, 4 Ky. Law Rep., 398.

Pleadings must be construed more strictly against the pleader. Covington v. Powell, 2 Met., 230; Bogenschutz v. Smith, 84 Ky., 330; Kent v. Deposit Bank, &c., 91 Ky., 70.

Demurrers only admit such facts as are well pleaded, and pleadings are not helped by making inconsistent allegations or by adding conclusions of law. Norman v. Kentucky Board of Managers, &c., 93 Ky., 537; Boone on Code Pleading, sections 41 and 42; Bliss on Code Pleading, section 418.

Appellee is authorized by its charter to make the contract sued on. Acts of Kentucky Legislature, 1849-50, page 427; Acts of Tennessee, 1851-2, chap, 23, page 28.

State Constitutions and statutes have no extra-territorial force Cooley's Constitutional Limitations, 5 Ed. 151, et seq.; 2d Kent's Commentaries, 11 Ed., side page 406, top page 517; The John Shillito Co. v. Robertson, 19 Ky. Law Rep., 1020; Young's Trustee v. Bullen, 19 Ky. Law Rep., 1561; Fairpont Mfg. Co. v. Philadelphia Optical, etc., Co., 161 Pa. St., 171; American Bible Society v. Marshall, 15 Ohio, 543; Hitchcock v. Bank of United States, 7 Ala., 386; White v. Howard, 38 Conn., 342.

Shipping contracts or bills of lading governed by the law of the place where they are made. Hutchinson on Carriers, 2d Ed., sec. 140 et seq.; Liverpool, etc., Steam Co. v. Insurance Co., 129 U. S., 397; Amer. & Eng. Enc. of Law, 2d Ed., vol. 5, page 302, et seq.

Law of Tennessee in respect to shipping contracts. Lancaster Mills v. Merchants' Cotton Compress Co., 89 Tenn., 1; Deming v. Merchants' Cotton Compress Co., 90 Tenn., 306; Dilliard v. Louisville, etc., R. Co., 2 Lea, 288; East Tennessee, etc., R. R. Co. v. Brumlee, 5 Lea, 401.

Law of Massachusetts in respect to shipping contracts. Buckland v. Adams Express Co., 97 Mass., 131; Grace v. Adams, 100 Mass., 505.

Necessary to allege and prove negligence to hold carrier liable, and burden of proof on plaintiff to establish negligence. Hutchison on Law of Carriers, sec. 767; Elliott on Railroads, vol. 4, page 2332, sec. 1508; Amer. & Eng. Enc. of Law, 2d Ed., vol. 5. page 292, et seq.

Appellant bound by the terms of its contract filed with its petition. L. & N. R. R. Co. v. Brownlee, 14 Bush, 590; Adams Express Co. v. Nock, 2d Duvall, 262; Harris v. Lou. & Nash. R. R. Co., 9 Ky. Law Rep., 392; York Co. v. Central Railroad, 3 Wallace (U. S.), 107; Railroad Company v. Lockwood, 17 Wallace, 360; Rail-

road Co. v. Hart, 112 U. S., 331; Hutchinson on Carriers, sec. 241; Amer. & Eng. Enc. of Law, 2d Ed., page 292.

WALKER D. HINES, ATTORNEY FOR APPELLEE.

1. The most of the authorities cited by appellant have no bearing on the question at issue. The most they show is that when a provision is admittedly, a part of the charter of a corporation, it accompanies the corporation and regulates its conduct wherever it does business, but none of them pretend to establish that a mere local police regulation of a State becomes *ipso facto*, a part of the charter of every corporation created by the State.

2. Such local regulations of the State are not parts of the charters of the corporations created by the State, and have no extra-territorial force. White v. Howard, 38 Conn., 342; Bank of Louisville v. Young, 37 Mo., 407; Thompson v. Swope, 24 Pa. St., 474; Fairpont Mfg. Co. v. The Phil. Op. & Watch Co., 161 Pa. St., 171; Benton v. Brines, Chase Co., 175 Pa. St., 209; Knox v. U. S. Bank, 26 Miss., 65; Am. Bible So. v. Marshall, 15 Ohio St., 543; Hitchcock v. U. S. Bank, 7 Ala., 386.

3. The authorities relied on by appellant's counsel are without force, Because:

(a) They place such right of amendment upon the ground that it is a valid exercise of the police power of the State, and the police power of a State is purely a power of internal regulation, and could not possibly be utilized as a justification for regulating what contracts shall be made and performed in other jurisdictions.

(b) There was manifestly no intention to amend the charter of the Louisville & Nashville Railroad Company, by section 196 of the Constitution of Kentucky.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

The appellant instituted this action in the Jefferson Circuit Court, law and equity division, against the defendant; seeking to recover judgment against it for $1,968.96 on account of its failure to deliver to plaintiff fifty bales of cotton shipped from Brownsville, Tenn., to Falls River, Mass., and there to deliver same to plaintiff. The petition reads as follows: "The plaintiff, Tecumseh Mills, says that it is a corporation created by and existing under the laws of the State of Massachusetts, with power to con-

Tecumseh Mills v. L. & N. R. R. Co.

tract and be contracted with, and to sue and be sued, in its corporate name; that the defendant, Louisville & Nashville Railroad Company, is a corporation created by and existing under the laws of the State of Kentucky, with power to contract and be contracted with, and to sue and be sued. Plaintiff says that on the 10th day of April, 1894, at Brownsville, Tennessee, it bought fifty bales of cotton, weighing in the aggregate 25,406 pounds, at the price of seven and three-fourths cents per pound, amounting to the sum of $1,968.96. Plaintiff further says that on the said 10th day of April, 1894, the defendant Louisville & Nashville Railroad Company, was a common carrier having connection with other common carriers for the purpose of transporting goods, property, and freight under one contract, and for one certain, fixed rate, from one point to another. Plaintiff says that on the 10th day of April, 1894, at Brownsville, State of Tennessee, it contracted with said defendant, Louisville & Nashville Railroad Company, for the transportation of said fifty bales of cotton from Brownsville, Tennessee, to Falls River, Massachusetts, for the guaranteed through rate of seventy-one cents per hundred pounds. Plaintiff says that in pursuance of said contract said fifty bales of cotton, marked 'LADY,' were on said 10th day of April, 1894, delivered to and received by said defendant for transportation as aforesaid, and the said defendant at said time executed and delivered its bill of lading therefor to J. S. Phillips & Co., who were plaintiff's agents, and authorized to ship said cotton for plaintiff. Plaintiff says that by said bill of lading, which is herewith filed as a part hereof, marked 'XNQ,' said defendant acknowledged the receipt of said cotton from said J. B. Phillips & Co., for the purpose of being transported and delivered to this plaintiff at Falls

River, Massachusetts. Plaintiff says that said defendant, by its said contract entered into as aforesaid, and for the consideration aforesaid, agreed and undertook with plain tiff to transport said fifty bales of cotton from Browns ville, Tennessee, to Falls River, Massachusetts, and there to deliver the same to this plaintiff. Plaintiff says that without fault on his part all of said cotton was destroyed by fire on April 13, 1894, while in the compress or ware house of the Brownsville Compress & Storage Company, at Brownsville, Tennessee; said cotton having been placed there by said defendant after the delivery thereof to said defendant, and without the knowledge or consent of this plaintiff, after the delivery of said cotton to defendant as hereinbefore stated. Plaintiff says that said cotton was not, nor was any part of said cotton, ever delivered to this plaintiff, or to any one for plaintiff. Plaintiff says that all of the fifty bales of cotton were consumed by said fire at the time aforesaid, and were a total loss. Plain tiff says that, by reason of defendant's failure to deliver said fifty bales of cotton to plaintiff as agreed and con tracted for, it has been damaged in the sum of $1,968.96, with interest thereon at the rate of 6 per cent. per annum from April 13, 1894, until paid. Plaintiff says that it has demanded of said defendant the payment of said sum, but said defendant has refused and still refuses to pay said sum or any part thereof, and the whole of said sum is due and unpaid, wherefore plaintiff prays judgment against said defendant for said sum of $1,968.96, with interest thereon from April 13, 1894, until paid, for its costs herein, and for all other proper relief." It is pro vided in the contract or bill of lading, among other things, that the defendant should not be liable for damages or loss by fire. It is further provided that defendant should

have the privilege of compressing all shipments of cotton at its own expense. A demurrer was sustained to the petition, and, plaintiff failing to amend, the petition was dismissed, and from that judgment this appeal is prosecuted.

The sole question presented for decision is whether or not the contract exempting defendant from liability for loss by fire is valid and sufficient to exempt it from any liability for the loss sustained by the plaintiff. It will be seen from the petition that the cotton was destroyed by fire while in the compress or warehouse of the Brownsville Compress & Storage Company, of Brownsville, Tenn.; the same having been placed there by defendant after the delivery to it, and without the knowledge or consent of plaintiff. Appellant relies upon the provision of section 196 of the present Constitution, the latter part of which reads as follows: "No common carrier shall be permitted to contract for relief from its common law liability." It is the contention of appellant that the defendant, being a corporation created by the authority of this State, has no power to make any contract anywhere in violation of the provision of the Constitution aforesaid; hence the exemption from loss by fire, being a contract limiting its com-law liability, must be held invalid, and appellant is therefore entitled to recover in this action. Appellant has cited the following authorities: Railroad Co. v. Miller, 132 U. S. 75, (10 Sup. C., 34), (33 L. Ed., 267); Bank v. Earle, 13 Pet., 587, (10 L. Ed., 274); Tipton Co. v. Rogers Locomotive & Machine, Works 103 U. S., 537, (26 L. Ed., 340); Cromie's Heirs v. Society, 3 Bush, 365; Railway Co. v. Tabor, (Ky.), 32 S. W., 168; Brown v. Railroad Co., (Ky.), 38 S. W., 862; Lathrop v. Bank, 8 Dana, 114. After a

careful consideration of the authorities relied on, we fail to see that they sustain the contention of appellant. Numerous authorities are cited by appellee, which we deem it unnecessary to discuss. It will be seen from the petition that the cotton, the subject matter of the contract, was in the State of Tennessee. The contract was entered into in the same State, and the cotton was to be delivered in the State of Massachusetts. It does not appear that the cotton was expected to even pass through the State of Kentucky. It seems to be conceded that a carrier might, by contract, exempt itself, under the common law, in the States of Tennessee and Massachusetts, from responsibility for loss of goods caused by fire, not the result of its own negligence. It is not claimed that the common law is not in force in the States of Tennessee and Massachusetts. It seems to us that, under the facts as they appear in this action, the provision of the Constitution aforesaid could in no wise affect or control the liability of defendant respecting the contract sued on. The other questions discussed in this case are not decided. All that we do decide is that, under the terms of this contract as shown by the petition and exhibit filed, plaintiff is not entitled to recover in this action. Judgment affirmed.