CASE 72—PETITION ORDINARY—JAN. 27.

## Brown v. Illinois Central R. R. Co., &c.

APPEAL FROM CARLISLE CIRCUIT COURT.

1. RAILROADS—CONTRACT LIMITING LIABILITY—CONSTITUTIONAL LAW.—A contract between a shipper and a railroad company that no claim for loss or damage to the stock shipped shall be valid unless made in writing and verified by affidavit and delivered to the company's agent within ten days of the time the stock is removed from the cars, is in violation of section 196 of the Kentucky Constitution which provides that no common carrier shall be permitted to contract for relief from its common law liability. (O. & M. Ry. Co. v. Tabor, 98 Ky., 503.)

2. PLEADING—ALTERNATIVE ALLEGATIONS.—The averment that the allegations of a petition are true as to one or the other of two defendants, but that the plaintiff does not know which one, is not sufficient under sub-section 4 of section 113 of the Civil Code, which provides that "a party may allege, alternatively, the existence of one or another fact, if he states that one of them is true, and that he does not know which of them is true." The facts alleged must be of and concerning a definite party or parties.

JOHN W. RAY FOR APPELLANTS.

1. Under the express terms of section 196 of the present Constitution of Kentucky, "no common carrier shall be permitted to contract for relief from its common law liability." This provision was intended to avoid the effect of this court's opinion in Owen v. Railroad, 87 Ky., 626.

2. But the petition as amended, alleges a practical compliance with the terms of the contract. The primary object in the insertion of that paragraph in the contract was that the company might have notice of the claim for damages within the ten days, and thereby given an opportunity to investigate the matter while it was fresh in the minds of its servants. That object was accomplished by the notice to one of the persons provided for in the contract, who started the investigation within the time.

Z. W. BUGG & SON AND J. M. NICHOLS & SON FOR APPELLEES.

1. There is no allegation that the two companies are partners, or that they have entered into any arrangement with each other with reference to the handling of freight. The liability then is several,

and not joint. That being true, the allegation that one or the other of the defendants was guilty of the negligent acts, is insufficient. The provisions of sub-section 4 of section 113 of the Civil Code apply to the allegation of alternative facts, and not alternative parties.

2. Where a common carrier accepts goods for shipment, marked to a destination beyond its own lines, it may by contract limit its liability to its own line. (Amer. & Eng. Enc. of Law, Vol. 2, p. 866; Railroad v. Bourne, 29 S. W., 975.)

3. Such a contract as the one in question is not a contract for relief from common law liability. Its stipulations for notice to the company's agents in ten days, are reasonable, and when carried out in good faith are beneficial to both shipper and carrier. (Owen v. L. & N. R. R. Co., 87 Ky., 626.)

JOHN W. RAY IN PETITION FOR REHEARING.

1. An allegation of negligence was unnecessary; the carrier is liable as an insurer under the common law, and from this there is no relief either by contract or otherwise. (Hale on Bailments and Carriers, secs. 81-2-3.) And this is the rule intended to be applied by the Constitution. (Debates Constitutional Convention, pp. 3761-2.)

2. An objection to a pleading because it is indefinite or uncertain, is properly made by rule to make it more specific rather than by demurrer. (Pugh v. White, 78 Ky., 210; Posey v. Green, 78 Ky., 162.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT:

The appellant brought suit against appellees, the Illinois Central R. R. Co. and the Baltimore, Ohio & Southwestern R. R. Co., the petition setting out in three paragraphs damages claimed to have resulted from alleged negligence in transporting three cars of hogs from Bardwell, Ky., to Cincinnati, Ohio. The negligence was averred to have consisted in the delivery of another carload of hogs of inferior size and quality to those shipped by appellant in place of one carload of appellant's hogs, and unnecessary delay in the transportation of the other two cars to Cincinnati, by reason

of which the animals deteriorated in weight and qual-
ity.

It is unnecessary to consider the motions to quash
the return of service of process, or the demurrer to the
jurisdiction interposed by the Baltimore, Ohio & South-
western R. R. Co.

After these motions and demurrer had been over-
ruled and the petition twice amended, a general de-
murrer to the petition as amended was sustained by
the trial court, apparently upon the theory that appel-
lant had not sufficiently alleged compliance with par-
agraph 5 of the contract of shipment, as follows: "It
is further agreed by the shipper no claim for loss or
damage to stock shall be valid against said railroad
company unless it shall be made in writing, verified by
affidavit, and delivered to the general freight agent of
the railroad company, or to the agent of the company
at the station from which the stock is shipped, or to the
agent of the company at the point of destination, with-
in ten days of the time said stock is removed from said
cars."

It is unnecessary to consider this question, as this
court has decided, in the case of the Ohio & Mississippi
R. R. Co. v. Tabor (98 Ky., 503), that such a stipulation
is in violation of section 196 of the Constitution,
which provides that no common carrier shall be per-
mitted to contract for relief from its common law lia-
bility.

But there is another ground of objection to the peti-
tion. In each paragraph it is alleged in substantially

the same language that the loss and damage occurred "by reason of the negligence of one or the other of defendants, or of both defendants, and as to which plaintiffs are unable to say as to whether the one or the other, or both, but one of thesealternatives is true."

It is to be supposed that this alternative pleading was intended to be drawn under subsection 4 of section 113 of the Code of Practice, which provides: "But a party may allege, alternatively, the existence of one or another fact, if he state that one of them is true, and that he does not know which of them is true." But we do not think that such pleading is authorized by the Code provision. The Code provides for averment of alternative facts. The facts thus averred in the alternative must be alleged of and concerning a definite party or parties. There is no effort in this pleading to allege alternative facts. The facts are definitely averred, but the party of whom they are alleged to be true is alleged in the alternative. Under the rule that a pleading is to be taken most strongly against the pleader, this averment of the petition is insufficient as against either of the appellees.

Wherefore, the judgment is affirmed.