L. & N. R. R. Co. v. Ft. Wayne Electric Co., &c.

108  113
115  517

CASE 13—ACTION BY FT. WAYNE ELECTRIC CO. v. L. & N. R. R. CO. FOR FAILURE TO DELIVER BILL OF GOODS TO CONSIGNEE—MARCH 10.

# L. & N. R. R. Co. v. Ft. Wayne Electric Co., &c.

APPEAL FROM TODD CIRCUIT COURT.

JUDGMENT FOR THE PLAINTIFF V. L. & N. R. R. CO. AND SAID COMPANY APPEALS. AFFIRMED.

ALTERNATIVE ALLEGATIONS IN PLEADINGS—HARMLESS ERROR—MIS-JOINDER—MISDELIVERY BY CARRIER, AFTER NOTICE.

Held: 1. Civil Code Practice, section 113, subsection 4, providing that "a party may allege, alternatively, the existence of one or another fact, if he state that one of them is true, and that he does not know which of them is true," did not authorize plaintiff to allege in one paragraph of his petition that defendant railroad company had delivered a certain shipment of goods to the consignees, with a prayer for judgment against them, and in another paragraph that defendant railroad company had, in violation of

its contract, delivered the goods to a person other than the consignees, with prayer for judgment against the company, a third paragraph being added, stating that plaintiff did not know which of these allegations was true—as plaintiff can not allege alternatively the liability of one or the other of two defendants.

2. The error in refusing to require plaintiff to elect which cause of action he would prosecute was harmless, as there was a verdict for the consignees on the ground that they had not ordered or received the goods, and against the carrier on the ground that there had been a misdelivery, and, if there should be another trial, exactly the same issue would be submitted as between the plaintiff and the carrier that has already been determined, the consignee being no longer parties.

3. The rule that the consignee, nothing else appearing, is presumed to be the owner of the goods, and is the proper person to sue for a misdelivery, has no application where another person has wrongfully ordered the goods in the name of the consignee, who refuses to receive them, as they then remain the property of the consignor, and he may sue for a misdelivery.

4. Where a carrier, after notice from the consignees that they had not ordered the goods, delivered them to one who had wrongfully ordered them in the name of the consignees, it was liable to the consignor for their value.

E. W. HINES AND BEN. T. PERKINS FOR APPELLANT.

1. The defendant's motion to elect should have been sustained. Facts alleged in the alternative must be alleged concerning a definite party and plaintiff can not call on the court to find out for him against which of two defendants he has a cause of action. Brown &c., v. Ill. Cent. R. R. Co., 18 L. R., 974; Civil Code, sec. 83, and sec. 114, sub-sec. 4.

2. The right of action, if any, was in the consignee. Elliott on Railroads, sec. 1414; Benjamin on Sales, sec. 181; Magruder v. Gage (Md.), 3 Am. Rep., 177; Smith v. Lewis, 3 B. M., 229; Allen v. Thomas, 3 Met., 198; Kulder v. Ellison, 47 N. Y., 36.

3. The evidence was sufficient to throw upon plaintiff the burden of showing that Hogan, to whom the goods was delivered, was not a member of the firm of A. B. Camp & Co.

4. The delivery of the goods to the person, on whose order they were shipped, was sufficient to exonerate the carrier. Elliott on Railroads, sec. 1526; Samuel v. Cheney, 135 Mass., 278 (46 A. R., 467); Wilson v. Adams Ex. Co., 27 Mo. App., 360.

5. The possession of the bill of lading was sufficient to authorize the carrier to deliver goods to the holder. Sutherland v. Second Nat. Bank of Peoria, 78 Ky., 253.

L. & N. R. R. Co. v. Ft. Wayne Electric Co., &c.

C. P. CHENAULT, ATTORNEY FOR APPELLEE.

1. There is but one cause of action stated in the petition, and that is against the L. & N. R. R. Co.
2. Even if there were two causes of action, still under the state of case as alleged, the action was tried out without prejudicing the rights of any of the parties.
3. Ordinarily, the rule, that the consignee, alone, can sue for loss of goods by the carrier, prevails, but there are exceptions to the rule and this case strongly presents the exception.
4. If there was a misjoinder, and if the lower court erred in not requiring the plaintiff to elect, the error was not prejudicial to the rights of the appellant.

### AUTHORITIES CITED.

23 New York, 337.
Crawford v. Adams Express Co., 7 Ky. Rep., 362.
8 Ky. Rep., 619.
Am. & Eng. Enc. of Law, vol. 2, p. 905.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellee, in the first paragraph of its petition, avers that it sold and delivered to A. B. Camp & Co. a certain bill of goods of the value of more than $400. In the second paragraph it is averred that the goods were delivered to a common carrier, and by it to the Louisville & Nashville Railroad Company, which was to deliver them to the consignee, A. B. Camp & Co., but had, in violation of its contract, delivered them to one Hogan, who was not authorized to receive them. In the third paragraph it is averred that the company had either delivered the goods to A. B. Camp & Co., or had delivered them to some person not authorized to receive them; that it did not know which one of the allegations was true. By the first paragraph appellee sought to recover from A. B. Camp & Co., and by the second paragraph from the Louisville & Nashville Railroad Company.

The court erred in overruling motions by defendants to

compel the plaintiff to elect which cause of action it would prosecute.   To sustain the action of the court, counsel for appellee relies upon subsection 4, section 113, Civ. Code Prac., which reads as follows:   "If, however, a party file a pleading which contains inconsistent statements, or statements inconsistent with those of a pleading previously filed by him in the action, he shall, upon or without motion, be required to elect which of them shall be stricken from his pleading.   But a party may allege, alternatively, the existence of one or another fact, if he state that one of them is true, and that he does not know which of them is true."   This subsection authorizes a party to allege, alternatively, the existence of one or another fact, if he state that one of them is true, and that he does not know which of them is true.   If one state of fact exists which would make the defendant liable, or several defendants jointly liable, or if another state of fact exists which would make the defendant liable or several defendants jointly liable, each relating to the subject of the action, or, rather, the cause of action, then the pleader may make a statement in the alternative as to the existence of the facts. In the case at bar one state of fact alleged makes A. B. Camp & Co. responsiblé, while the other relieves them from liability, ·but makes the Louisville & Nashville Railroad Company liable.   This provision of the Code was not intended to relieve a plaintiff of the necessity of naming definitely and certainly the party sought to be held liable, and from stating a cause of action against such party. This court had substantially the same question under consideration in Brown v. Railroad Co. (Ky.) 38 S. W. 862, wherein the court said:   "The Code provides for averment of alternative facts.   The facts thus averred in the alternative must be alleged of and concerning a definite party

or parties. There is no effort in this pleading to allege alternative facts. The facts are definitely averred, but the party of whom they are alleged to be true is alleged in the alternative." The party did not allege alternatively the existence of one or another fact, but alleged alternatively the liability of one or another defendant. The reason why this case should not be reversed for the error indicated will hereafter be stated.

The facts with reference to the transaction are substantially these: The appellee was a corporation doing business in Indiana. Orders were received by it for certain goods purporting to have been sent by A. B. Camp & Co. The goods were shipped to A. B. Camp & Co. After they were transported by the Louisville & Nashville Railroad Company to the point to which they were shipped, A. B. Camp informed the agent of the railroad company that they had not ordered the goods, and would have nothing to do with them. The agent informed him that one Hogan had ordered them to be shipped to Madisonville, Ky.,—a point other than the one designated in the order to the appellee, and to which they had been shipped. Notwithstanding A. B. Camp refused to have anything to do with the goods, and gave notice that he had not ordered them, the railroad company shipped them to Madisonville, Ky., and there delivered them to Hogan. There is no evidence in the case that Hogan was a member of the firm of A. B. Camp & Co.

It is urged on behalf of the railroad company that the right to maintain the action was not in the consignor, the appellee, because it is claimed that, if any cause of action exists, it is in favor of the consignees. Granting the rule to be that a consignee, nothing else appearing, is presumed to be the owner of the goods, and the right of action

for the failure to deliver them is in him, we are of the opinion that the rule has no application to this case. If some one wrongfully used the name of A. B. Camp & Co., and ordered the goods from the appellee, and in pursuance to that order the appellee shipped them, and they refused to receive them, and notified the appellant that they had not ordered them, and would not receive them, the appellant had no right to turn the goods over to some one else. Under such a state of case the goods remained the property of the consignor. It had not been deprived of title to the goods because of the wrongful act of some one other than the consignees. The appellant had notice that a wrong had been perpetrated, and it was its duty to either deliver the goods to the consignees, or to have notified the consignor that they were held subject to its order. This being true, the appellant became liable to the consignor for their value.

Appellant invokes the aid of a rule announced in section 1526, Elliott on Railroads, which is as follows: "Where there are two persons in the same city, and one of them, being a swindler, induces the shipper to sell goods to him in the belief that he is the other, who is a reputable merchant, it is held that the carrier is not liable for delivering the goods to the swindler to whom they are directed."

The text seems to be supported by Samuel v. Cheney, 135 Mass. 278. In that case the swindler induced the shipper to sell goods to him in the belief that he was another, and a reputable merchant, and the goods were delivered to the party who bought them. In this case the goods were ordered and shipped in the name of a firm, and the railroad company was advised by that firm that it had not ordered the goods, and it made a misdelivery of them with the knowledge of that fact. We do not think the rule quoted has any application to this case. On the

L. & N. R. R. Co. v. Ft. Wayne Electric Co., &c.

trial of the case it was adjudged that A. B. Camp & Co. were not liable to the appellee for the value of the goods, upon the ground that that firm had not ordered or received the goods. After the motions to elect, the defendant filed an answer, and made an issue upon the question as to whether it had made a misdelivery of the goods in turning them over to Hogan. The jury was properly instructed upon this question and a verdict was returned upon that issue, and judgment rendered against the appellant for the value of the goods. If this case was reversed, and a new trial granted, the appellant would be the only defendant. A. B. Camp & Co. would no longer be parties to it (or, rather, the personal representative of A. B. Camp, he having died). It would stand for trial against the defendant, and there would be no longer a question of election remaining; so, in our opinion, although the court erred in failing to require the plaintiff to elect which cause of action it would prosecute, that would not give the defendant the right to have the action dismissed against it. Upon another trial exactly the same issue would be submitted to the jury, as between the appellee and appellant, as was tried before. In view of that fact, we do not think that a new trial should be granted. The error which the court committed can not be corrected on a return of the case, and the question between appellee and A. B. Camp & Co. and between the appellee and appellant were so clearly submitted by the instructions that we are unable to see how the jury were misled by reason of the fact that they had submitted to them the two issues. As the substantial rights of the appellant were not prejudiced by the error of the court below, it is not entitled to a new trial. The judgment is affirmed.

Petition for rehearing filed by the appellant and overruled.