## Noonan et al. v. Sheridan.

(Decided June 21, 1929.)

LOUIS REUSCHER for appellants.

JOHN L. CUSHING for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant Mrs. Kate Noonan has for a number of years owned, maintained, and operated a dry goods and notion store at the southeast corner of Pleasant and Greenup streets in the city of Covington. The store is about 25 feet wide and 40 feet more or less in depth. It is entered from the street through double doors, on either side of which are show windows. An aisle runs from the doors to the rear of the store, flanked on either side by counters. Some time before the 7th day of November, 1927, there had been delivered to this store of Mrs. Noonan a roll of linoleum containing some 28 yards. This roll of linoleum was stood upon its end near the front doors and between them and one of the show windows, and, as thus standing, it was a cylinder some 6 feet in height. In the afternoon of the 7th day of November, 1927, the appellee, Mrs. Sheridan, came into the store to make some purchases. There were a number of customers in the store, and Mrs. Noonan and her clerks, among whom was her daughter, were very busy waiting on them.

About this time three little boys ranging in age from seven to nine years came into the store to purchase a half yard of gingham. While they were waiting to be served, they got to playing about the store. As Mrs. Noonan's daughter came over to where these boys were to wait upon them, the accident out of which this suit arises occurred. The appellee and her witnesses stated that, as appellee was waiting for a clerk, and while her back was turned to the linoleum, it suddenly toppled over, struck her upon the head, and knocked her to her knees, thereby injuring one of them quite severely. Appellee and her witnesses offered no explanation of, and gave no reason for, the fall of this linoleum. Nor did the evidence of the appellants, except that of one witness, shed any light upon what caused this linoleum to topple over. This one witness stated that she saw one of these little boys while they were playing around push the linoleum over, and that was what caused it to fall.

Appellee brought this suit against both the appellant Mrs. Noonan and her coappellant, her husband, John Noonan, to recover for the injury which her knee had thus sustained. In her petition she averred that either the appellant, John F. Noonan, or the appellant, Kate Noonan, owned, maintained, and operated this store, but she did not know which one did so. Of course, this was bad pleading, and, had a motion to elect been filed, it would have been the duty of the court to sustain it. Louisville Gas & Elec. Co. v. Nall, 178 Ky. 33, 198 S. W. 745. But none was filed. The appellee pitched her case upon the allegation that this roll of linoleum had been placed in a dangerous position by the appellant, who owned, maintained, and operated this store, or by his or her agent, and that its dangerous position was known to such appellant, or could have been known by the exercise of ordinary care, and that by reason of the linoleum being thus placed in this dangerous position, and being permitted to remain in said dangerous position it toppled over on the appellee and caused her injuries. The answer was a traverse, with a plea of contributory negligence, which was in turn denied.

At the close of the appellee's testimony, and again at the close of the whole case, the appellants moved for a peremptory instruction, which the court overruled, and submitted the case to the jury under instructions which, in substance, told them that it was the duty of the ap-

pellants to exercise ordinary care to keep this store in a reasonably safe condition for customers coming in there to make purchases, and that, if they failed so to do, and that by reason of the unsafe condition, if such there was, the roll of linoleum fell upon the appellee and injured her, they should find for the appellee, otherwise for the appellants. The court also told the jury that, if they believed that the injury complained of was caused by the act of some person not in the employ of the appellants, then they should find for the appellants. The jury awarded the appellee a verdict for $539, and from the judgment entered thereon this appeal is prosecuted.

The motion of the appellant John F. Noonan for a peremptory should have been sustained, as the evidence fails to connect him in any way whatever with the ownership, maintenance, or operation of this store or with the cause of this accident.

We are also of the opinion that the motion of the appellant Kate Noonan for a peremptory instruction which she made at the close of the whole case should likewise have been sustained. While a shopkeeper owes to those who enter his premises by invitation the duty of exercising ordinary care to keep the premises in a reasonably safe condition, yet he is not an insurer of the customer's safety. Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S. W. 22. The only evidence in this record which explains how this accident occurred establishes that the fall of the linoleum was caused by the boys pushing it over. There is no evidence that it would have toppled over except for the push which these boys gave it. In the case of Pardington v. Abraham, 93 App. Div. 359, 87 N. Y. S. 670, affirmed by the Court of Appeals of New York, 183 N. Y. 553, 76 N. E. 1102, on the opinion of the lower court, it was held that a shopkeeper was not liable to a customer hit by a swinging door through which she was attempting to pass, where the accident was caused by a third person, who had immediately preceded the customer through the door, negligently swinging the door behind her in a violent manner. The court held that the shopkeeper was not liable in such state of case for the negligent act of a third party which he had no occasion to anticipate or foresee. It is the general rule that an independent act of negligence by a third party is an occurrence which the defendant is not as a general rule bound to anticipate, and especially is this so where

the independent act is the willful act of the third party. 22 R. C. L. 132-138. There is no evidence in this record tending to show that Mrs. Noonan or any of her agents had any reason to anticipate or foresee that these boys would push this linoleum over. There is no evidence even tending to show that the linoleum was not standing securely and would not have continued so to stand, unless some one gave it such a push as to cause it to fall. Under such circumstances, the act of these boys in pushing this linoleum over was an act for which Mrs. Noonan was not responsible. Hence her motion for a peremptory instruction should have been sustained. The judgment of the lower court is therefore reversed, with instructions to grant the appellants a new trial in conformity with this opinion.

Whole court sitting.