## Powell v. Manufacturers' Coal & Coke Company.

(Decided October 8, 1929.)

J. H. ADKINS for appellant.

MOORE & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant filed his petition in the Pike circuit court against the appellee and Lafe Stansbury and George Childers. The substance of his allegations was that the defendants, the one or the other of them, but he did not know which, had taken from him certain property exempt to him as a housekeeper of the aggregate value of $324, and that he had demanded a return of the property, but they had refused to return it. A demurrer was interposed to the petition and sustained by the court. The demurrer was properly sustained, as the petition does not allege who took the property from appellant. The provisions of the Civil Code, sec. 113, allow alternative statements relating to the facts, but they do not allow alternative statements as to parties. The appellant, therefore, may have alleged that the defendants were jointly liable to him, or he may have alleged that one or more of them was liable; but when he alleged that one or the other of them was guilty of violating his property rights he made his petition bad.

He amended after the demurrer was sustained to the original petition, and he alleged that on the 1st day of March, 1928, he was the owner and in the possession of the property set out and described in his original petition, and that he was entitled to the immediate possession of the property of the value of $324.50; that on or about the 15th day of March the defendants obtained the possession of the goods and chattels and wrongfully and unlawfully converted them to their own use to his damage in the sum of $324.50. The court sustained a demurrer to his petition as amended. The petition as amended stated a cause of action. He alleged that his damages came about through the action of the defendants, in that they converted his property to their own use. The court should have overruled the demurrer to the petition as

786

amended. The case is controlled by the principles announced in Louisville Gas & Electric Co. v. Nall, 178 Ky. 33, 198 S. W. 745.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.