ROBERT SPENCE, APPELLANT, v. N. F. DAMROW,
APPELLEE.

[FILED MAY 6, 1891.]

**Appeal:** INSUFFICIENT JUDGMENT CORRECTED IN SUPREME
COURT. The supreme court, in reviewing a case on appeal, when
the judgment of the district court is for a less sum than the
undisputed evidence shows the successful party was entitled to,
will enter such a judgment as under the evidence should have
been rendered in the court below.

APPEAL from the district court for Adams county.
Heard below before GASLIN, J.

*Capps, McCreary & Stevens,* for appellant.

*John M. Ragan, contra.*

NORVAL, J.

The appellant filed his petition in the district court of
Adams county for an accounting. A judgment was en-
tered against the defendant for $111.55. The plaintiff
appeals.

The evidence shows that the plaintiff and defendant
entered into a partnership about the 2d day of July, 1887,
for the purchase and sale of a certain lot of wild horses
owned by one Glenn. The plaintiff agreed to and did
furnish the money to pay for the horses, amounting to
$1,100. The horses, when purchased, were turned over to
the defendant under an agreement that he should feed, care
for, and sell the same, and the profits and losses were to
be shared equally between them. The defendant, after
keeping the horses for some time, sold them for $1,235.
The expenses paid by the defendant in the business
amounted to the sum of $478.10. The plaintiff also

furnished hay and corn to the amount of $30. All the money received by him from the venture is $700 paid by the defendant to the City National Bank of Hastings for the use of the plaintiff. He is therefore out $430. The defendant has in his hands, arising from the proceeds of sale of the horses, after deducting the $478.10 for expenses and the $700, which was paid to the bank for the plaintiff's use, the sum of $56.90, which he should account to the plaintiff for. The business resulted in a loss of $373.10, one-half of which, or $186.55, according to the terms of partnership agreement, the defendant must also pay to the plaintiff. The total amount due from the defendant on a fair accounting of the partnership is $243.45. The only conflict in the entire testimony was upon the question of whether there was a partnership, and as to the value of the hay and corn furnished by the plaintiff. These were both found by the trial court against the defendant, and we think the evidence fully sustains the findings.

It also appears that the plaintiff turned over to the defendant for sale, of his own individual property, and not connected with the partnership transaction, a span of mules, a horse, buggy, and harness, which the defendant sold for $337. The plaintiff asks judgment therefor in his petition. The defendant holds a promissory note against the plaintiff for $190, upon which there is a credit of $10, leaving a balance due thereon of $180, which, deducted from the $337, leaves the sum of $157 due the plaintiff, in addition to the amount due him on the partnership deal.

It is perfectly clear that the judgment of the district court was too small. It was not even sufficiently large to cover the balance due the plaintiff on the matters not connected with the firm business. The case is here upon appeal, and this court will enter such a judgment as under the evidence should have been rendered in the court below. The judgment is reversed and one will be entered in this

court against the defendant for the sum of $400.45, with costs in both courts.

JUDGMENT ACCORDINGLY.

THE other judges concur.