GERMAN-AMERICAN BANK, Appellant, v. LUTHER C. MARTIN, Administrator, etc., and JENNIE MARTIN, Administratrix, etc., Respondents.

Kansas City Court of Appeals, February 17, 1908.

1. **BILLS AND NOTES: Attorney's Fee.** A contract in a note providing for a reasonable attorney's fee in event of collection thereof by suit, is lawful.

2. ———: ———: **Conflict of Contract.** A note provided if not paid at maturity for the payment of reasonable expenses of collection including attorney's fee. *Held*, it had reference

to the expenses incurred by plaintiff in collecting the note and not to the expenses of any collateral proceeding deemed necessary to protect the security.

3. ———: **Interest: Tender.** The administratrix of the maker of a note presented to the bank payee a check given by an administrator of an estate indebted to the administratrix's intestate and offered to pay the note if the bank would cash the check, which was refused. *Held,* the bank was not entitled to interest from that date as it had and continued to hold to the trial the money of the estate and the offer was a tender.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Groves & Berry* for appellant.

(1) The validity of a clause providing for costs of collection including attorney's fees has been recognized by the courts of this state. Creasy v. Gray, 88 Mo. App. 454; Bank v. Jacobs, 73 Mo. 35; McCoy v. Green, 83 Mo. 626; 1 Daniel on Negotiable Instruments (1 Ed.), p. 78; Bowie v. Hall, 1 L. R. A. 546; Alexander v. McDow, 108 Cal. 25; Boyd v. Smith, 39 N. E. 208; Kendall v. Page, 83 Tex. 131.

*W. B. Brown* for respondent.

(1) The question in this case is not whether the stipulation to pay attorney's fees is a valid one, but rather whether that stipulation gave the appellant the right to engage in the defense of Margaret Martin's estate against one of its creditors, because appellant's collateral was a part of that estate, and to charge the estate of the maker of the note with attorney's fees thus contracted. It follows, therefore, that none of the cases cited by appellant, either in our own state or foreign jurisdictions, is in any wise applicable. (2) Such a provision should, to say the least, be very strictly and narrowly construed by this court, and certainly it cannot be held that when this note was signed, such

attorney's fees as were incurred in this case were contemplated by the maker of the note. Security Co. v. Eyer (Neb.), 54 N. W. 838; Bank v. Feeny (S. D.), 70 N. W. 874; Boozer v. Anderson, 42 Ark. 167; Myer v. Hart, 40 Mich. 517; State v. Taylor, 10 Ohio 378; Witherspoon v. Musselman (Ky.), 29 Am. Rep. 404; Bank v. Davidson (Ore.), 22 Pac. 517; Bullock v. Taylor, 39 Mich. 137; Williams v. Rich, 117 N. Car. 235; Rixey v. Pearre, 89 Va. 113. (3) Respondent made a sufficient tender of payment of note and interest on October 18, 1906. Landis v. Saxton, 89 Mo. 382; Raymond v. McKinney Bros. & Co., 58 Mo. App. 303; Stephenson v. Kilpatrick, 166 Mo. 267. (4) The tender had the effect of stopping accruing interest from that date. R. S. 1899, section 1564.

BROADDUS, P. J.—This is a suit in equity to collect a promissory note executed by John H. Martin, deceased. The defendant, Luther C. Martin, is the administrator of the estate of Margaret Martin, deceased, and, the other defendant is the administratrix of the estate of the said John H. Martin.

On March 31, 1905, Margaret Martin died intestate, her estate consisting of about $3,500 in money. Subsequently on August 20, 1905, the said John H. Martin executed his note, payable to plaintiff, for the sum of $415, due in one hundred and eighty days after date, with interest at eight per cent per annum after maturity, and if not paid at maturity, he was to pay reasonable expense for collection, including an attorney's fee. At the time of the execution of said note and as a part of the same transaction, he assigned all his interest in the estate of the said Margaret, he being a son and heir at law, for the purpose of securing the payment of the notes. The plaintiff gave due notice to said Luther C., administrator of the estate of said Margaret, of this assignment. On November 2, 1905, John H. Martin also

died and his wife Jennie was appointed administratrix of his estate.

On October 18, 1906, the defendant Jennie as administratrix, through her attorney, W. B. Brown, presented a check to the plaintiff bank for $500 and offered if plaintiff would cash the check they would allow it to take out of the amount, the amount of the said note and interest. This check was upon plaintiff against the funds deposited with it, by Luther C., as administrator of Margaret, and made payable to defendant Jennie, administratrix of John H. Martin. The offer was refused.

Previously defendant Jennie in her own behalf had presented a claim to the probate court against the estate of Margaret for services rendered her for a period of about thirteen years, of the alleged value of $1,500. The probate court allowed in her favor the sum of $1,200. This claim was contested and the amount finally allowed her on appeal was $625. The plaintiff employed an attorney to assist the attorney of Luther C. Martin, in resisting this claim of Jennie, the plaintiff in said proceedings. Had the original allowance by the probate court to Jennie stood, there would not have been enough left of John's distributable share in his mother's estate to have paid the note and interest in controversy, but after the same was reduced to $625 there was enough left for that purpose.

The defendant Jennie as administratrix in her answer set up as a defense that said note and assignment were invalid because they were tainted with usury. It was admitted that ten per centum was a reasonable attorney's fee for service in collecting a note. The court rendered judgment for plaintiff for $445.36, the amount of the note and interest. Whereupon plaintiff filed a motion for a new trial on the ground of error in the

failure of the court to allow as a part of the judgment ten per centum on the amount as an attorney's fee.

The defendant Jennie as administratrix also filed a motion for a new trial on the ground that the court committed error in awarding plaintiff interest on the note after the 18th day of October, 1906, as it was an admitted fact that plaintiff had the money due her estate in its possession and under its control on and from said date, and that she had offered to allow plaintiff a set off of its note and all accrued interest up to said time, and that the court erred in taxing costs against defendant for the reason that the suit was brought before the expiration of one year after granting letters of administration. And for further reason that defendant before the bringing of this suit had made a sufficient tender of the sum found to be due by the judgment of the court. The court overruled plaintiff's motion for a new trial; and sustained that of defendant by modifying the judgment so that plaintiff recovered judgment for the amount of the note and interest thereon up to October 18, 1906. The plaintiff appealed.

The principal question in the case is, was the plaintiff entitled to a judgment for an attorney's fee? There is no doubt but what the contract providing for a reasonable attorney's fee is lawful. In Creasy v. Gray, 88 Mo. App. 454, the note contained the following: "If the collection of the note is enforced by law, I promise to pay ten per cent on the amount of the principal due thereon in addition thereto, as ascertained and liquidated damages for attorney's fees in collecting the same." Held to be lawful. In such cases such provisions have the effect only, to render the instrument non-negotiable. [McCoy v. Green, 83 Mo. 626; Bank v. Jacobs, 73 Mo. 35.]

The contract being lawful the question arises, were the services rendered by the attorney employed by plain-

tiff such as were contemplated by the parties to the contract. We think not. The services rendered were in a collateral proceeding and not in direct effort to collect the note. The language used, "if this note is not paid at maturity, the undersigned agree to pay *reasonable expenses of collection, including* attorney's fees," had reference to expenses incurred by the plaintiff in collecting the note. It was in the contemplation of the parties that if the note was not paid at maturity and plaintiff should be put to the expense of compelling its collection by the assistance of an attorney then such expense, if reasonable, should become a part of the debt. Suppose the note had not been due when plaintiff employed an attorney to resist the claim of Jennie against the estate of Margaret, could it be said that the expense plaintiff incurred thereby was in contemplation of the parties? And circumstances might arise which would create the necessity for such a proceeding before as well as after the maturity of a note. The court was right in holding that the plaintiff was not entitled to judgment for the expense of a reasonable attorney's fee.

It remains to be seen whether the plaintiff was entitled to interest after the 18th day of October, 1906, at which time defendant offered to let it retain the funds it had on deposit belonging to the estate of Margaret with interest, if it would cash the remainder of a check of her administrator against said fund in the sum of $500. This was an offer of defendant to plaintiff to appropriate sufficient of the funds of the estate, given to defendant as administratrix, to pay the entire debt and interest. It was in every sense a tender. And fi a that time until the time of the rendition of the judgment, plaintiff had in its possession and under its control such funds sufficient to discharge the note and interest in full. We are therefore of the opinion that the court was fully justified in overruling plaintiff's motion for a new trial

and in modifying its original judgment, allowing plaintiff interest only to October 18, 1906. Affirmed. All concur.