CASE 40.—ACTION BY H. F. FINLEY AGAINST J. J. NEAL.—
January 12, 1910.

## Neal v. Finley

Appeal from Whitley Circuit Court.

W. T. Davis, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Tender—Mode and Sufficiency—Check—Objections.—Tender
    of payment by check is sufficient where the drawer has
    sufficient funds in the bank to meet the payment, unless
    the refusal is upon the ground that the tender is not in law-
    ful money.
2.  Specific Performance—Necessity of Tender—Waiver.—Wher3
    a party covenanted to convey the mineral in lands on pay-
    ment of a certain sum, his refusal to convey on demand was
    a waiver of tender of the purchase price by the purchaser
    giving him an immediate action for specific performance.
3.  Mines and Minerals—Conveyances and Contracts—Grants of
    Mineral and Mining Rights—Servitudes.—A covenant to con-
    vey the mineral in a part of certain lands, together with all
    necessary mining rights, included a conveyance of such ease-
    ments in the balance of the land as were necessary to ac-
    complish the mining and removal of the mineral.
4.  Mines and Minerals—Conveyances and Contracts—Grants of
    Mineral and Mining Rights—Servitudes.—Where a party
    covenanted to convey the mineral together with the neces-
    sary mining rights in certain land which was a parcel wholly
    within a larger boundary of his land, a right of way over the
    land not conveyed, as of necessity, was included in the
    covenant.

C. W. LESTER for appellant.

Opinion of the Court by Judge O'Rear—Affirm-
ing.

Appellant sold and covenanted to convey to appellee all the coal and other mineral within a certain boundary of land in Whitley county, at the rate of $4 an acre. The quantity of land was so much of the tract described "as is covered by what is known as the Blue Gem vein of coal." The quantity was to be ascertained by survey within three months, to be done by Finley. A covenant of the bond runs: "I bind myself and representatives to make said Finley a good and sufficient title to said lands, together with all necessary mining rights, when the purchase money is paid." Within three months after the date of the contract, Finley caused the land to be surveyed. The surveyor reported that the quantity covered by the Blue Gem vein of coal is 45.5 acres. Thereupon Finley tendered appellant Neal his check upon a bank of Williamsburg, in which he had enough on deposit to meet the check. Neal declined to accept the check, upon the ground that the deed prepared by Judge Finley did not properly locate the land as to the name of the water course upon which it is situated, and, when that was corrected, declined to sign the deed. His reason for declining seems to have been alone because he was disappointed in the quantity of land disclosed, claiming that the true area was 65 acres. He offered to convey if paid upon the basis of 65 acres. This suit for specific performance resulted. The only evidence in the record is the bond, which is the basis of the suit, and the depositions of Judge Finley and his surveyor, Lewis Francis. Judge Finley's testimony relates to the tender. Francis testified as to the time and manner of making the survey. He said that the outcropping of the Blue Gem vein of coal was ascertained, and the boundary agreed to by appellant, Neal, who was present; that

he ran the lines and made the measurements and cal-
culation thereon accurately; and that the area under
which that vein appeared is 45.5 acres only. Upon
the record thus presented, the circuit court adjudged
a specific execution of the contract, and ordered Neal
to sign and deliver a deed in conformity to the con-
tract. The court defined the boundary, as testified to
by Neal, adding that the deed should contain an ease-
ment of right of ingress and egress over Neal's other
land not conveyed, so as to enable grantee to mine
and remove the coal from the premises conveyed.
Neal appeals. He assigns as error: First, that the
allegation of tender was not proved; and, second, that
the coveyance ordered exceeds the covenant in the
bond, in that the bond did not contain an agreement
as to the easement.

It is true that ordinarily a tender of payment in
any way than by legal tender money is not good. But
the parties may waive that feature of the law. If
tender is made in bank bills, or check, the tender will
be deemed sufficient (provided, in case of check, the
drawer has sufficient funds in the bank to meet the
payment) unless the refusal is based upon the ground
that the tender is not in lawful money. McGrath v.
Gegner, 77 Md. 331, 26 South. 502, 39 Am. St. Rep.
415; Jones v. Overstreet, 4 T. B. Mon. 547; Campbell
v. Williams, 15 Ky. Law Rep. 704.

The objection by Neal was not based on the ground
that the tender was by check. Furthermore, when
he declined to execute the deed at all, Finley was
not obliged to tender the payment of the balance of
the purchase price. Neal's act in refusing to convey
was a waiver of the tender by the grantee, and gave
the latter immediately an action for specific execu-
tion. The clause in the contract that Finley should

have all necessary mining privileges was an agree=
ment to convey him such easement as was necessary
in the property out of which the estate was to be
conveyed to enable him to enjoy the right to mine and
remove the coal. But, independent of that, it appears
that the parcel to be conveyed was wholly within a
larger boundary of the grantor's land. In that state
of case, it is implied in the contract that a right of
way, as of necessity, was included in the covenant to
convey.

We perceive no error in the record.

Judgment affirmed.

CASE 41.—SETTLEMENT OF THE ACCOUNTS OF FRANK
PRITCHARD, ADMINISTRATOR OF J. F. CAPLIN-
GER, IN WHICH LINNIE G. CAPLINGER AND
OTHERS FILED EXCEPTIONS.—January 21, 1910.