# Pond Creek Coal Company v. Riley Lester & Brothers.

## Same v. Same.

(Decided October 31, 1916.)

### Appeals from Pike Circuit Court.

### Consolidated Actions.

1. Master and Servant—Wages and Other Remuneration—Coupons.— Under the provisions of section 244 of the constitution and section 2738r of the Kentucky Statutes, 1915 edition, which was enacted to carry out the provisions of the constitution, employers of ten or more employees must pay the wages of such employes at the time they are due and payable, in lawful money of the United States; and if coupons, letters of credit, merchandise script or other thing should be issued for the accommodation of the employe by the employer so as to enable the former to obtain credit between pay-days, such evidences of credit, or that portion which is not used, must be redeemed by the employer in lawful money of the United States if presented on a pay-day when the wages for which they were issued are due.

2. Master and Servant—Wages and Other Remuneration.—It is incompetent for the employer in such cases to stipulate that such evidences of credit or other thing shall be payable only in merchandise, or that they shall not be transferable by the employe to whom them are issued, and if such employe should transfer them, or any portion of them, the transferee obtains all rights which the employe had, and at a proper pay-day may present them to the employer and demand and receive the cash therefor.

3. Master and Servant—Wages and Other Remuneration.—Where the employer issues a coupon book to his employes whereby the latter may obtain merchandise at the former's store with the coupons which are not payable to any particular person or at any particular time, and stipulated not to be payable in money, such coupons are not negotiable so as to vest title in an assignee by delivery only, and an assignee obtaining title by delivery only should, in a suit based upon the coupons, make the transferrors or assignors thereof parties to the suit.

AUXIER, HARMAN & FRANCIS for appellant.

R. H. COOPER and ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Pond Creek Coal Company, is a corporation, and operates a number of coal mines located in Pike County; it employs, in the operation of its mines, a great number of people, the most of whom are miners

engaged in digging and taking coal from the mines. According to this record, in connection with the mines of the appellant, Pond Creek Coal Company, a number of stores are operated in the vicinity, from which those employed in and about the mines may obtain the necessary merchandise and articles for family use. These stores, however, are operated under a different name, which is that of Pond Creek Stores Company, but it is shown that this latter corporation is in reality owned by the Pond Creek Coal Company, and is an auxiliary to it, and formed only for the purpose of operating the stores, the stockholders being identical in the two corporations. The various stores, or mercantile establishments, so operated ostensibly in the name of Pond Creek Stores Company, issued to the employees of appellant coupon books ranging in value from one dollar up to ten dollars each, and in which are coupon certificates of the face value of from one cent up to one dollar. It is stated on these books that they are payable in merchandise, only, and are not transferable, and furthermore that they are redeemable only at the particular store which issued them.

The plaintiffs (appellees) are engaged in a competitive or independent merchandise business in the vicinity of the location of the mines, and according to their allegations they purchased for value from the various employees to whom such coupon books had been issued the unused portion of them to the amount of $1,524.48. They demanded from the defendant, Pond Creek Coal Company, payment of this amount in cash, and offered to deliver to it the coupons representing that amount, but it declined to pay this sum, or any part of it, in cash, although it offered to redeem the books in merchandise at its stores, which plaintiffs declined, and thereupon filed this suit on November 7, 1914, to recover the sum demanded. Plaintiffs recovered judgment for the amount sued for on March 29, 1915, to reverse which this appeal is prosecuted. A similar suit, based upon the same character of claim, was filed by the same plaintiffs against the same defendant on July 24, 1915, to recover the sum of $411.00, which resulted in plaintiffs obtaining a judgment for that amount, and the transcript of that case has been filed in this court, accompanied by a motion for an appeal, as the judgment is for a sum less than five hundred dollars and more than two hun-

dred dollars. By an order entered in this court the two appeals are heard together, as they are between the same parties, and involve the same questions. A special demurrer was filed to each petition upon the ground that the assignors were not made parties and the coupon books upon which the actions are based were not transferred or assigned to the plaintiff in writing, and there is no signature of the alleged assignor to that effect on any of the books upon which the actions are based. In other words, that the assignment and transfer of the books, if made at all, rests alone in parol. These demurrers were overruled, to which exceptions were reserved, and this is the first ground of complaint.

The coupon books are evidently not negotiable instruments under the laws of this State, nor are they such under the common law, known as the law merchant. They are neither, on their face, made payable to bearer, nor at any particular time, nor in the currency of the realm; not even under the terms of their issual permitted to be made payable to the order of the one to whom they are issued, as such one is expressly forbidden to transfer them.

Under the provisions of section 19 of the civil code of practice, and cases from this court cited thereunder, the transferee of such choses in action as are the coupon books sued on herein take but an equitable title thereto, they not being negotiable, as we have seen, and the assignor thereof is a necessary party in a suit by an assignee against the debtor. It is true that plaintiffs allege that they are unable to say from whom they obtained the coupon books sued on; that many of them were obtained from foreigners who are constantly shifting their places of abode, and perhaps between the time of obtaining the books and filing of the suits many of them had removed from the locality and probably beyond the jurisdiction of the court; still the rule of practice found in the code provision, *supra,* and as upheld by the decisions of the court, may not be dispensed with by mere allegation, to say nothing of the denials thereon found in the answer. Such conditions, if they existed, would at least be required to be manifested in the legal way, which would be to issue summons for the assignors, and demonstrate by a return of the sheriff the facts which are alleged. The names of the assignors are known by the defendant, and, under proper proceedings,

it could be compelled to furnish to the plaintiffs the name of the person to whom the different coupon books had been issued, as they were not issued to him by name but by his number only. We are therefore of the opinion that the court committed error in overruling the special demurrer based upon the ground stated. The necessity of complying with this requirement is further sought to be avoided by alleging that there existed a universal and well known custom in that vicinity with reference to such coupon books as are involved in this suit; that the title to them should pass by delivery only, and that they circulated in that community, under such custom, as a species of circulating medium. This, however, was denied by the answers, to which demurrers were sustained; with the allegations in the petition to this effect denied an issue was made on this point and the demurrer to the answer raising the issue should not have been sustained.

The answers contain general denials, including one to the effect that none of the books had been purchased or transferred in any way to the plaintiffs, or that they were the owners of same, and affirmatively alleging the right of the defendant to issue the books and to prescribe that they should not be transferred, and should be payable only in merchandise at the store which issued them. Defendant insists that this is not in violation of either section 244 of the constitution, or of section 1350 or 2738r of the Kentucky statutes, 1915 edition, because it is alleged that the coupon books were issued at a time when the wage-earner had not then earned any wages, or, if he had earned any, same was not due at the time he received the coupon book. It relies on the doctrine laid down by this court in the case of Avent Beattyville Coal Company v. Comlth., 96 Ky. 218, and insists that it had the right to issue the coupon books at the time it did so, and also the right to prescribe that they should not be transferred and should be payable only in merchandise at the store by which they were issued. To this we are unable to agree. The question was presented in that case as to whether the employer was criminally liable under the statute (sec. 1350) for failing to pay its employees their wages "in lawful money of the United States," as was required by both the section of the constitution, *supra,* and the then existing statute upon the subject. The statute has been somewhat changed since

that time in that, now, under section 2738r, there are prescribed pay-days, they being the first and fifteenth days of each month, and the wages earned up to fifteen days before each pay-day shall be paid at that particular time in lawful money of the United States. The statute, as it then existed, did not designate specified pay-days, but it was shown in that case that there was a contractual pay-day, which was every month, and it was insisted by the Commonwealth that the defendant therein had violated the statute by failing to pay its employees as required therein. The testimony for the prosecution showed that between the pay-days the defendant issued the coupons or script complained of at the solicitation and request of its employees, and there was nothing to show that there was any compulsion used or attempted to be used by the employer to force the employee to accept the coupons or certificates in payment of his wages. This court therein held that the time when the employer under the statute was compelled to pay his employees in lawful money of the United States was the day which under the statute payment was due, or, as in that case, the day which, under the contract existing between the employer and employee, the payment of his wages was due; that inasmuch as the coupon books and script there involved were issued in payment of wages not due, and the employee was not compelled to accept them in payment of any wages, the offense of violating the statute had not been committed. Under that authority, if the defendant herein is right in its contention that the books sued on were issued, as alleged by it, no indictment would lay against it for issuing the books under the circumstances. But because this is true, it does not necessarily follow that if the employee had not exhausted the credit represented by such books at the time his wages became due, and for which, or in anticipation of which they were issued, he could not, after his wages became due, present to his employer the book, or unused portion of it, and demand and be entitled to be paid lawful money of the United States therefor. True it might not have been criminal to have issued the books under the circumstances at the time they were issued, but it would be a violation of the statute not to redeem the books, if the wages for which they were issued were due, on presentation by the wage-earner. Any other construction would destroy the very purpose of the act and enable the em-

ployer to perpetuate all of the mischief which the statute, as well as the constitution, intended to prevent. These laws are founded on a wholesome public policy. Frequently the employment is in remote localities and away from centers of population, and where the people to be supplied are composed almost exclusively of the employees of the plant or enterprise. If such merchandise script, or coupon books could be issued redeemable only at the store of the employer, and then only in merchandise, all competition would be removed, for no one could be found with sufficient courage to undertake to compete with the employer for the trade of his employees under such circumstances. The opportunity would thus be afforded for the employer to practice the most cruel extortion and demand and obtain exorbitant profits through the enforced necessity of his employees patronizing his store. To prevent the employee from being thus imposed upon, and to induce competition at such places, the laws under consideration were enacted requiring that the employee should be paid his wages in money, with which he could buy his necessaries from his employer or any competitive dealer, thus relieving him from the effects of a monopoly, and affording an inducement to others to compete for his trade.

Monopolies are universally regarded as inimical to the common weal. They are the enemies and destroyers of healthy and legitimate commerce, and laws enacted for their suppression should be hailed with approval, and, if possible, be so construed and applied as to accomplish the desired end. If the laborer, after his wages became due, were not allowed to have such coupon books, or the unused portions thereof, redeemed in cash, the very purpose of the law would be thwarted, and the mischief sought to be remedied would flourish without hindrance, for it is an easy matter to see that a sufficiency of such books might be issued between pay-days to consume all of the wages to become due on the following pay-day, and, although not consumed at that time, if the contention of the appellant is correct, the laborer would be compelled to take credit therefor, and this process might continue throughout his employment, and the only place where the books could be redeemed would be at the company's store and then in merchandise only. As stated, this would defeat the very purpose of the law, and we decline to so construe it.

It is alleged in the pleadings of plaintiffs that the wages, for which the coupon books sued on were issued, were due at the time of the filing of the suit, or at least before the rendition of the judgment. This is nowhere denied, and we know from the very terms of the law itself that the wages for which the books were issued must have been due at the time of the filing of the pleadings mentioned and before judgment. If the laborer had the right to demand and receive cash for these books, or unused portions thereof, he also had the right to transfer to his assignee that which he possessed; to deny him this privilege of so transferring this right, although the books are endeavored to be made non-transferable, would enable the employer by this stipulation, to set aside altogether the provisions of the law and thereby set at naught the commendable purpose of the law maker in enacting it. Such a consequence cannot meet with our approval. Moreover, the wage-earner is entitled to be paid in lawful money, and the wages earned by him constitute property which he is entitled to deal with as he pleases, including a sale or transfer thereof, and it is incompetent for the employer to abridge this right in the manner attempted by the issuing of the books sued on.

By a parity of reasoning if the laborer could, after the wages become due and payable, demand and receive the cash, he can transfer that right to his assignee. We find no decision from any court in conflict with this; on the contrary, the case of Kentucky Coal Mining Co. v. Mattingly, 133 Ky. 526, by analogy at least, approves this rule. In that case, instead of the issuing of coupons there were issued by the operator of the mine metal checks in denominations of the coins of the United States, from five cents up to one dollar. Under a general custom these coins circulated in the community as currency, but, on redemption, they were to be discounted in the hands of the holder ten per cent. It was shown that the mine owner agreed to redeem these metallic checks in the hands of everybody except the plaintiff in that case, but as to it the defendant refused to redeem them in cash, just as the defendant in this case declines to redeem the coupon books in the hands of anyone for cash. Notwithstanding this, this court decided that the plaintiff therein was entitled to recover judgment for the full amount represented by the checks

which he owned and upon which he sued. Our conclusion, then, is that if the plaintiffs are bona fide assignees of the coupon books sued on, and which represent payments for wages earned and past due, they are entitled to demand and receive for the face value thereof, from the defendant, lawful money of the United States, and that when this was refused plaintiffs had a right to file and maintain this suit. But they should prosecute it in the manner pointed out by the law, which is that the assignors of these books should be made parties, as is prescribed by section 19 of the civil code of practice, and authorities thereunder.

As the plaintiff's ownership of the books are put in issue by the answer, it was error to sustain the demurrer thereto. It is attempted to be alleged in one paragraph of the answer that the assignment of these books was an assignment of wages and that it was made contrary to the provisions of section 4758a of the statutes in that the various coupon books as purchased by plaintiffs represented sums less than two hundred dollars, and were for wages not then due, and that the assignment was not made as is prescribed by the section, *supra,* and, therefore, invalid. It will be noticed that before that section can be applied the wages attempted to be assigned must not only be for sums less than two hundred dollars, but the wages attempted to be assigned must be "wages to be earned or paid in the future."

Without determining whether these coupon books come within the purview of that statute as constituting wages, it is sufficient to say that under the present conditions of the pleadings, as we construe them, the wages of the employees of defendant, to whom the books were issued, are not shown to have been such as the statute requires to be transferred in the manner therein prescribed.

For the errors in overruling the special demurrer to the petition, and in sustaining the general demurrer to the answer putting in issue essential facts to enable the plaintiffs to recover, the judgment in the first case is reversed, and the motion for appeal in the second case is sustained and the appeal granted and judgment therein reversed with directions for proceedings consistent with this opinion.