## Ashless Coal Company, et al. v. Davis.

(Decided February 25, 1919.).

### Appeal from Perry Circuit Court.

1.  Bills and Notes—Negotiability—Merchandise Coupons.—Coupon books issued by a coal company to its employes, which by their terms are redeemable only in merchandise and are not transferable, are not negotiable.

2.  Assignments—Action by Assignee—Necessary Parties—Assignor. —The assignee of non-negotiable merchandise coupon books, issued by a mining company to its employes, cannot recover thereon without joining his assignors as parties plaintiff or defendant.

3.  Actions—Merchandise Coupons—Assignments—Joinder of Causes. —Plaintiff, as assignee of certain merchandise coupon books issued by a mining company to its employes, brought suit thereon and sought a recovery not only against the mining company, but against his assignors. Held, that as the liability of the various assignors was not joint, but separate and distinct, each of the coupon books was a separate cause of action, which did not affect all the parties to the action as required by section 83, Civil Code, and that the several causes of action were improperly joined,

and it was error to refuse to require plaintiff to elect which cause of action he would prosecute.

4. Assignments—Merchandise Coupons—Liability of Assignors.—In an action by the assignee of merchandise coupon books, issued by a mining company to its employes, to recover of the mining company and his assignors, it was error to render judgment against each of the assignors for the full amount sued for, since each was liable only on his own assignments.

NICKELL & TYNES for appellants.

JOHN B. EVERSOLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The Ashless Coal Corporation operates a coal mine at Lothair, in Perry county, and pays its employes in script, issued in book form, and redeemable in merchandise at its commissary. During the years 1916 and 1917, it issued to sixty-seven of its employes individually, script, in different amounts, ranging from $1.00 to $5.00. The script thus issued was sold by each of the employes to Christ Davis, who conducts a store near the company's commissary. The aggregate amount of the script was $309.35.

This suit was brought by Davis against the coal company and the sixty-seven assignors to recover the value of the script assigned, and a recovery was sought not only against the coal company, but against each of the defendants. The coal company filed a motion to require plaintiff to elect which of the several causes of action he would prosecute, and without waiving this motion, it also filed a special demurrer. Both the motion to elect and the special demurrer were overruled, and the company having declined to plead further, judgment was rendered not only against it, but against each of the defendants for the full amount sued for. From that judgment the coal company and fifteen of the other defendants appeal.

The principal question for discussion is whether the motion to elect was properly overruled. Under our Code, several causes of action may be united, if all of them be brought upon contracts express or implied, and if each affect all the parties to the action. Section 83, Civil Code. It is the settled rule in this state that coupon books issued by a coal company to its employes, and by their terms redeemable only in merchandise and not transferable, are not negotiable, and that an assignee thereof cannot re-

cover thereon without joining his assignors as parties plaintiff or defendant. Pond Creek Coal Co. v. Riley Lester & Bros., 171 Ky. 811, 188 S. W. 907. In view of this rule, plaintiff made the assignor of each of the coupon books in question a party defendant. Not only so, but he sought a recovery against each of them. There was no joint liability on the part of the various assignors, but the liability of each was separate and distinct from that of the others, and a defense against a particular assignor was not available against the other assignors. Under these circumstances, each of the coupon books was a separate cause of action which affected only the plaintiff, the coal company and the assignor thereof. It follows that each cause of action did not affect all the parties to the action, and that the several causes of action were improperly joined. St. Joseph Orphan Society v. Wolpert, 80 Ky. 86. Therefore, the trial court erred in overruling the motion to elect.

Of course, each of the assignors was liable only on his own assignment. Notwithstanding this fact, judgment was rendered against each of the assignors for the full amount sued for, thus making him liable not only for what he himself received from plaintiff, but for all that the other assignors received. This furnishes an additional reason why the judgment should be reversed on the appeal of the assignors.

Judgment reversed and cause remanded for proceedings consistent with this opinion.