## LEWIS *v.* LEE ET AL.

[No. 10,595.   Filed March 30, 1921.]

1. TENDER.—*Waiver.*—*Breach of Contract.*—The act of a money lender, who took the borrower's note and a conveyance of realty to secure payment thereof, in refusing to reconvey according to contract except upon payment of an amount which he knew to be in excess of that due, amounted to a waiver of tender, if any was required, of the amount actually due.  p. 264.

2. BILLS AND NOTES.—*Promissory Notes.*—*Collection.*—*Recovery of Attorney's Fees.*—Where a money lender took the borrower's note and a conveyance of realty to secure payment of the same under an agreement to reconvey upon the payment of the note and interest, and, at the time the borrower sought a settlement and made a demand for reconveyance, the note, though past due, had not been placed in the hands of an attorney for collection, and the amount of the note was not in dispute, and the borrower, before the note had been placed in the hands of an attorney for collection, informed the lender that he was ready and willing to pay the amount of the note if there was a reconveyance of the realty, but reconveyance was refused, the lender was not entitled to recover attorney's fees in a subsequent action by the borrower for an accounting and reconveyance.  p. 265.

3. APPEAL.—*Review.*—*Judgment.*—*Error in Amount.*—*Correction.*—Where, in an action for an accounting, the facts showing the amount due are undisputed, but the judgment rendered was less than it should have been, due solely to an error in calculation, it is within the power of the court on appeal to increase the judgment so that the amount thereof corresponds with the evidence and thus obviate the necessity of a new trial.  p. 265.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by John W. Lee and others against Joseph B. Lewis.   From the judgment rendered, the defendant appeals.   *Modified and affirmed.*

*Shuler McCormick* and *Charles Unger,* for appellant.
*C. B. Kessinger* and *W. H. Hill,* for appellees.

REMY, C. J.—Appellant loaned to appellee John W. Lee, hereinafter designated as appellee, the sum of $1,500, taking the latter's promissory note due in three years after date.   To secure payment of the note, appel-

lee at the time conveyed to appellant certain real estate in the city of Vincennes of the value of $3,500. By a contract contemporaneously executed, appellant agreed to reconvey the real estate to appellee upon the payment of the note and interest. After the note had matured, appellee sought a settlement with appellant, and to have appellant reconvey the real estate in accordance with the contract. At the time the settlement and reconveyance were requested, appellee was indebted to appellant for a balance of interest and for certain sums of money advanced for taxes and municipal assessments, and appellant was indebted to appellee for certain rents which he had collected from a tenant of the property. In response to appellee's request, appellant refused to reconvey the real estate in accordance with the terms of the contract, asserting that appellee had breached the contract and had thereby forfeited any claim he may have had to the property. Whereupon appellee commenced this suit for an accounting and to compel a reconveyance of the real estate. Appellant answered in denial, and filed a cross-complaint in two paragraphs, the first to quiet title, and the second to have the deed declared a mortgage, and for a foreclosure. The finding of the court was in favor of appellee on his complaint, and against appellant on his cross-complaint. The real estate was ordered reconveyed and a commissioner appointed for that purpose, but there was a money judgment for $1,926.05 in favor of appellant. Motions by appellant to modify the judgment and for a new trial were overruled. The rulings of the court on these motions are the errors assigned.

The record shows that appellee made no tender of the amount due appellant under the contract, and for that reason it is urged by appellant that the court

1. erred in ordering a reconveyance. The undisputed evidence shows, however, that appellant,

when a settlement and reconveyance were demanded, informed appellee that he would make no reconveyance unless appellee would pay him the sum of $2,000, which sum appellant at the time knew was in excess of the amount due. This act of appellant in refusing to reconvey the real estate, except upon a condition not required by the contract, amounted to a waiver of a tender by appellee, if any would have been required. *Neal* v. *Finley* (1910), 136 Ky. 346, 124 S. W. 348; 26 R. C. L. 624. See, also, *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509.

It is further contended by appellant that there was error on the part of the trial court in fixing the amount of the money judgment against appellee, (1) in making no allowance for attorney's fees, and (2) by a miscalculation of the mutual accounts of the parties.

It appears from the evidence that at the time appellee sought a settlement with appellant and made demand for a reconveyance of the real estate, the note, though past due, had not been placed in the hands of an attorney for collection. The evidence also shows that the amount of the note was not in dispute, and that before appellant had placed the note with an attorney for collection, appellee had informed appellant that he was ready and willing to pay the amount, if appellant would reconvey the real estate. Under such circumstances, and since there was a finding against appellant on his cross-complaint on the note, appellant was not entitled to attorney's fees. See *German-American Bank* v. *Martin* (1908), 129 Mo. App. 484, 107 S. W. 1108; 8 C. J. 1099.

Excepting as to appellant's claim for attorney's fees, the record shows that there was no controversy between the parties as to the accounts or claims each held against the other. To find the amount due appellant was but a matter of calculation. It

clearly appears from the evidence, which is documentary, that the court erred in making the computation. The judgment rendered in favor of appellant was for $1,926.05, which was less than it should have been by the sum of $39.53. The judgment, therefore, is not sustained by sufficient evidence. The error is conceded by appellee who now asks that this court correct the error by increasing the judgment by the amount of the error made in the calculation. It is within the power of this court, under the circumstances presented by the record in this case, to order an increase of the judgment so that it will correspond with the evidence, and thus obviate the necessity of a new trial. See *Dean & Son* v. *W. B. Conkey Co.* (1913), 180 Ill. App. 162; *Risers* v. *McLean* (1855), 10 La. Ann. 565; *Spence* v. *Damrow* (1891), 32 Neb. 112, 48 N. W. 880; *Callanan* v. *Shaw* (1868), 24 Ia. 441; 4 C. J. 1160; §702 Burns 1914, §662 R. S. 1881.

It is therefore ordered that the trial court modify its finding by increasing the amount found to be due appellant in accordance with this opinion, and that the judgment be modified by adding thereto the sum of $39.53, as of date the original judgment was rendered; that the judgment, when so modified, be affirmed; and that the cost of this appeal be paid by appellee.