# Armstrong Manufacturing Company v. Gardner.

(Decided May 15, 1925.)

## Motion for Appeal from Allen County.

1. Assignments—Payee of Nonnegotiable Commission Certificates May Assign his Interest Therein.—Though certain commission certificates, issued by a corporation to its agent, were nonnegotiable, in view of Civil Code of Practice, section 19, such fact did not prevent agent from assigning his interest therein to another, but only preserved to corporation, as maker, all defenses against transferee that it could have urged against agent.

2. Assignments—Pledges—Assignment of Nonnegotiable Instrument May be by Parol—Pledgee May Sue Maker of Security and Pledgor.—Assignment of nonnegotiable commission certificates may be by parol, and pledgee may sue maker and his assignor to enforce payment thereon.

3. Pleading—Petition in Action on Nonnegotiable Commission Certificates Held Fatally Defective in Failing to Allege Fulfillment of Conditions Under which Certificates Became Actionable.—In suit by pledgee against maker of nonnegotiable commission certificates, which certificates became actionable only under certain named conditions, petition failing to allege fulfillment of any of such conditions, but merely stating that they were past due and wholly unpaid, was fatally defective in stating a conclusion only.

4. Pleading—Demurrer to Answer should be Carried Back to Petition which Pleaded Only Conclusions and was Insufficient, where Answer also Only Pleaded Conclusions.—Where petition in suit by assignee on nonnegotiable commission certificates failed to state a cause of action, plaintiff's demurrer to answer should have been carried back to petition.

F. R. GOAD and N. G. GOAD for appellant.

DENHARDT & HUNTSMAN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Granting the appeal and reversing the judgment.

The Armstrong Manufacturing Company, a corporation located at Waterloo, Iowa, during the summer and fall of 1920, issued to E. A. Dyer, its agent at Scottsville, Ky., four written evidences of indebtedness called "commission certificates," aggregating $273.60, which Dyer assigned to appellee Gardner as collateral security for a loan of $2,000.00, evidenced by a note.

Dyer paid $1,040.00 on the note and left the state, whereupon Gardner instituted this action against Dyer and the Armstrong Manufacturing Company, to require

the latter to pay to him for credit on the note the $273.60 alleged to be due to Dyer on the commission certificates. Dyer was constructively summoned, but did not answer, and the Armstrong Manufacturing Company filed a demurrer to the petition, which was overruled. To that ruling it saved an exception, and then filed answer, to which a demurrer was sustained, and upon its refusal to plead further, a judgment was entered against it in favor of the plaintiff for the $273.60, and from that judgment it has prayed an appeal.

The first contention for the appellant is, that the court erred in overruling its demurrer to the petition, because the commission certificates by their terms are "not negotiable, and not transferable," and, therefore, appellee was without title or right to sue upon same.

In this contention appellant is clearly in error, since, although the certificates were nonnegotiable, that fact did not prevent Dyer from assigning his interest therein to appelle, but only preserved to the maker any and all defenses against the transferee that it could have urged against the payee. Pond Creek Coal Co. v. Riley Lester, 171 Ky. 811, 188 S. W. 907; Ashless Coal Co. v. Davis, 183 Ky. 406, 209 S. W. 532; section 19 of the Civil Code, and the cases cited in the notes thereto.

Such an assignment may be by parol, Gray & Co. v. Brisco, 6 Bush 687; Newby, etc. v. Hill, etc., 2 Metc. 530, and the pledgees may sue the maker and his assignor to enforce payment thereon. Hamilton's Extr. v. Hamilton, et al., 84 S. W. 1156. There is, therefore, no merit in this contention.

But the petition is nevertheless fatally defective, since it does not aver the fulfillment of any of the conditions stated in the commission certificates as conditions precedent to an indebtedness to Dyer, or a right of recovery thereon. The petition simply states that the commission certificates "are past due and wholly unpaid," which obviously is merely a conclusion of the pleader.

As the certificates sued upon, by their terms, became actionable against the maker only under certain named conditions, the petition did not manifest an indebtedness to Dyer or a cause of action against the defendant, since it did not allege the fulfillment of any of the named conditions.

Hence the court erred in overruling appellant's demurrer thereto, and also in sustaining a demurrer to the answer, since it traverses the allegations of the petition.

Plaintiff's demurrer to the answer, therefore, should have been carried back to the petition, even though the answer failed to state a defense to the certificates, since it, too, plead only a conclusion in that it simply denied that there was anything due Dyer upon any of the certificates, without setting up its account with Dyer to show that nothing was due him on the certificates according to their terms and conditions.

Wherefore, the appeal is granted, and the judgment reversed, with directions to sustain the demurrer to the petition and for proceedings consistent herewith.