## Moss Federal Coal Company, et al. v. Rhea.

(Decided June 4, 1926.)

### Appeal from Bell Circuit Court.

1. Appeal and Error.—Objection to defect of parties not raised in court below by special demurrer or answer under Civil Code of Practice, section 118, or otherwise, is not available on appeal in view of section 92, subsection 4.

2. Master and Servant—Trade Checks Issued as Advance on Wages Held Redeemable by Employer (Acts 1924, c: 71, now Ky. Stats. Supp. 1924, Section 4758b-1).—Employer issuing metal discs as trade checks, on which was stamped name of trader, to employees as advance on wages, and which were charged to pay roll account, held bound to redeem checks from trader other than one named accepting them from employees for merchandise; Act 1924, c. 71, now Ky. Stats. Supp. 1924, section 4758b-1 having been passed afterwards.

3. Appeal and Error.—Objection to competency of evidence is waived on failure to object or except to such evidence when filed in trial court, or to insist that court pass upon its competency.

4. Master and Servant—Employer Issuing Trade Checks to Employees as Advance on Wages Held Not Jointly Liable with Trader on Whom they were Issued.—Employer issuing trade checks to employees as advance on wages held not jointly liable, with trader on whom they were issued, to another accepting checks in trade, and latter joining both as defendants might be required to elect upon motion.

5. Appeal and Error.—In absence of motion in trial court, misjoinder of parties defendant is waived, and is unavailing on appeal.

N. R. PATTERSON for appellants.

JAMES M. GILBERT for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The facts of this case are these: The appellant. Moss Federal Coal Company, a corporation, is engaged

in the mining of coal in Bell county, Kentucky. We shall hereafter refer to it as the coal company. The Moss Stores Company, another corporation, whom we shall refer to as the stores company, is engaged in the retail mercantile business in the vicinity of the mines of the coal company. There is no identity of ownership or officials of the two companies. The appellee Rhea is likewise engaged in the retail mercantile business at Carey in Bell county, Kentucky, near to the place of business of the stores company. A few years ago the coal company and the stores company had some litigation with Rhea under these circumstances: The coal company had issued to its employees a lot of scrip redeemable at the store of the stores company, which scrip Rhea had taken in at its face value for merchandise he had sold to the miners of the coal company. On the refusal of the coal company to redeem that scrip, Rhea began suits in the quarterly court against the coal company to recover the face value of the scrip. The coal company thereupon brought an injunction suit in the circuit court to enjoin Rhea in the prosecution of these suits in the quarterly court. The circuit court granted a temporary injunction, which was dissolved by Judge Thomas, now our Chief Justice, with whom sat Judges Settle, Clarke and Clay, in the consideration of the matter. Nothing further was done in that litigation and presumably the coal company redeemed the scrip Rhea then had on hand. Thereafter the stores company issued a lot of metal discs on the obverse side of which was stamped "Moss Stores Company, Inc., Pineville, Ky.," and on the reverse side of which was stamped "Good for $1.00 (or other value) in merchandise." The stores company delivered these discs to the coal company and from time to time in the interval between pay days the coal company would issue these discs to its miners, up to the extent of the time the miners had put in and of the wages they had thus earned, although such wages were not then due. When these discs were issued to the miners, their pay accounts were charged by the amount of the discs so issued. If these discs were used by the miners in buying merchandise at the stores company, the stores company would then at stated intervals present them to the coal company, who would redeem them in cash, less a certain discount, which the stores company allowed the coal company. In the course of time Rhea sold to various miners working for the coal company a lot of

merchandise for which he took in payment at their face value these metal discs, and at the time of the institution of this action he had on hand discs amounting in face value to the sum of $1,032.50, which sum before this action was finally tried was increased to $2,121.50, by reason of discs taken in by Rhea during the prosecution of the suit. It appears that these discs were all taken in by Rhea prior to the passage of chapter 71 of the Acts of 1924, now section 4758b-1 of our statutes. After the pay days of the wages against which these discs had been issued, had come and gone, Rhea demanded of the coal company and the stores company that they and each of them redeem these discs, and on their refusal so to do he brought this action against both of them seeking to recover from them the face value of the discs he held. The lower court granted him the relief he sought and from that judgment the coal company and the stores company prosecute this appeal.

They insist as grounds for reversal, first, that as the metal discs here involved were not transferable by delivery only, Rhea could not prosecute this action without making as parties to it the various assignors of the discs he held as is required by section 19 of the Code, and in support of this position they cite and rely on the cases of Ashless Coal Company v. Davis, 183 Ky. 406, 209 S. W. 532, and Pond Creek Coal Company v. Riley Lester & Co., 171 Ky. 811, 188 S. W. 907. Conceding without deciding that these metal discs were of such character as not to be transferable by delivery only and that the assignee of them should in a suit upon them make the assignor a party to such suit, yet we do not find in this record that any objection was ever raised by either appellant in the court below to this claimed defect in parties either by way of special demurrer, by answer under section 118 of the Code or otherwise. In the light of section 92, subsection 4, of the Civil Code, it is well settled that where the question of the defect of parties is not raised in the lower court, it is not available on appeal. Scott County Board of Education v. Steele, 213 Ky. 343, 280 S. W. 1098.

It is next insisted that Rhea had no right to sue these companies jointly and in this connection it is vigorously argued that under no circumstances was the coal company liable in this case. The evidence shows that the coal company issued these discs to its miners in the intervals between pay days, charging the same against the

time the miner had theretofore put in.   Although it is true these discs were issued under the name of the stores company, yet the facts show that when redeemed by the stores company they were thereafter taken up by the coal company less a certain discount allowed it.   It is thus obvious that the coal company was issuing scrip to miners in proportion to the amount of time the miners had put in and the wages they had earned.   They were charging the miners with the scrip so issued to them and so, in effect, were paying the miners, before pay day it is true, in a medium other than lawful currency.   The character of the medium, whether scrip issued by it or scrip issued by the stores company, cannot affect the result.   In either event it was a medium other than lawful currency which was used by it to pay the miners. Therefore, under the holding of this court in Pond Creek Coal Co. v. Riley, *supra*, it would have been the duty of the coal company to redeem this scrip if it had been presented to it for redemption by the original holders thereof on or after the pay days of the wages against which the scrip had been issued, and Rhea stands in the shoes of such original holders.   It follows, then, that the coal company was clearly liable in this action.   The appellants say, however, that the way in which the coal company issued these discs to the miners and thereafter redeemed them from the stores company was established in the evidence only by incompetent testimony.   Although this may be true, the appellants did not file any objections or exceptions to such testimony after it had been filed in court nor did they insist on the lower court by order passing upon its competency.   This being true, any objection to the competency of such evidence was waived. Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813; Keeton v. Mahan, 177 Ky. 85, 197 S. W. 519.   It is not denied that the stores company was obligated to redeem the scrip.   Having refused to do so, it must answer for its value.   It is true that the liability of the stores company and that of the coal company were not joint and that had a motion to elect been made it would have been the duty of the trial court to sustain the same; but as no such motion was made, the misjoinder was waived and cannot be taken advantage of on this appeal.   Louisville Gas & Electric Co. v. Nall, 178 Ky. 33, 198 S. W. 745. As these are the only grounds urged for reversal and as none of them are meritorious, the judgment of the lower court is affirmed.