## Goldstein, et ux. v. McDonald.

(Decided February 14, 1928.)

## Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Pleading.—A general demurrer searches the entire record, and should be sustained against first pleading in which demurrable defect appears.

2. Vendor and Purchaser.—In action by purchaser to recover damages for failure of vendor to perform contract for sale of property, pleading must show exact time when tender by purchaser was made, only where time is of essence of contract; and, where time is not of essence, performance may be alleged in general terms, unless terms of contract make different rule applicable.

3. Pleading.—In application of rule which requires court on filing of general demurrer to pleading subsequent to petition to examine all previous pleadings, and to carry back and sustain demurrers to pleading, anterior to one demurred to, which is of itself sufficient to present cause of action or defense, sole test of sufficiency of pleading must be determined by subject-matter of that pleading without reference to any other pleading in record.

4. Vendor and Purchaser.—Petition by purchaser to recover damages for breach by vendor of contract to convey realty, alleging that vendor repudiated contract, and refused to perform it, held sufficient, though failing to allege time or place of tender, or refusal to accept tender, since tender is unnecessary where vendor has repudiated contract and shows by his conduct that tender, if made, would be rejected.

5. Vendor and Purchaser.—In action by purchaser to recover damages for vendor's failure to perform contract to sell property, rights and liabilities of parties must be measured and determined by contract itself, unless contract was procured by fraud, or was result of mutual mistake, or was set aside by subsequent agreement, or acts of parties; preliminary negotiations prior to written contract being merged in writing.

6. Evidence.—In action by purchaser to recover damages for vendor's breach of contract to convey realty, contemporaneous parol agreement between parties, affecting obligation of written contract, cannot be pleaded, unless there are allegations that parol agreement was omitted from written contract through fraud or mutual mistake.

7. Evidence.—If terms of written contract express intention of parties as agreed, terms cannot be varied by parol evidence

8. Evidence.—In action by purchaser to recover damages for vendors' breach of contract to convey realty, reciting that purchaser accepted vendors' offer to sell property, demurrer to paragraph of answer attempting to plead oral agreement accepting property for sale as agent of vendors was properly sustained, as attempt-

ing to plead contemporaneous verbal agreement varying terms of written contract.

9. Appeal and Error.—Court of Appeals will give great weight to findings of chancellor on questions of fact.

10. Vendor and Purchaser.—In action by purchaser to recover damages for vendors' breach of contract to convey realty, evidence showing purchaser accepted in writing vendors' offer to sell property at certain price, that purchaser tendered amount due under terms of contract, but that vendor declined to execute deed, and that purchaser could have sold property at price larger than contract price, supported judgment allowing purchaser as damages difference between contract price and price at which property could have been resold.

MORRIS A. KLEINMAN for appellants.

WALTER P. LINCOLN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On February 28, 1925, appellants made a written offer to appellee to sell and convey to him a certain house and lot in the city of Louisville for the price of $6,000. $3,000 was to be paid in cash on the delivery of the deed and the remainder was to be satisfied by the assumption by appellee of a debt secured by a mortgage on the property. Appellee was given 60 days in which to accept the offer. He accepted the proposition in writing before the expiration of the 60 days, returning the writing to appellants at the time of his acceptance. After the acceptance of the proposition by appellee he sought to find a purchaser for the property at a greater sum than he was paying and he obtained an offer for the property for $7,-000, which he accepted. When appellee notified appellants that he was ready to close the deal, there was some difficulty about it, and it appears that the appellant Henry Goldstein was hard to find. Appellee, on May 18, 1925, failing to locate the appellant Henry Goldstein, made a tender of the $3,000 to be paid under the terms of the contract to the appellant Minnie Goldstein, wife of Henry. She did not accept the tender, but reported it to her husband when he came home. Both of them considered the matter rather carefully and they decided there was something unusual about the tender, so they agreed that they did not understand just what it all meant, and, for that reason, they declined to execute a deed.

There is some conflict in the evidence, but taking it as a whole it fairly well shows that appellants proposed

to sell the house to appellee for $6,000 and that he was ready to carry out his part of the contract within the time allowed by the contract, but appellants were unwilling to carry out its terms. The testimony also fairly well establishes that appellee had an offer of $7,000 for the property and that he could have sold the property for this sum if appellants had executed a deed to him in accordance with their agreement. The lower court did not decree a specific performance of the contract on account of the changed condition of the property, but allowed a recovery in favor of appellee of $1,000, the profit which he would have made on the sale of the property. The appellants attack the judgment of the chancellor on three grounds: First, they say that the demurrer filed by the appellee to the answer and counterclaim searched the entire record, and should have been sustained to the petition; second, the chancellor erred in sustaining the general demurrer to the second paragraph of the answer; third, the decision of the chancellor is not sustained by the evidence and is contrary to law.

It is true that a general demurrer searches the entire record and should be sustained against the first pleading in which a demurrable defect appears. Broughton v. L. & N. R. R. Co., 217 Ky. 297, 289 S. W. 237; Davidson et al. v. Falls, 215 Ky. 368, 285 S. W. 209; Armstrong Manufacturing Co. v. Gardner, 209 Ky. 93, 272 S. W. 22.

Appellants say that the petition is defective as it does not allege the time or the place of the tender or the refusal to accept the tender. They cite the case of Worley v. Mourning, 1 Bibb (4 Ky.) 254; Stafford et al. v. Trimble. 1 Bibb (4 Ky.) 323; Shepherd v. Hubbard, 1 Bibb (4 Ky.) 494; Gibbs & Hardin v. Stone, 7 T. B. Mon. (23 Ky.) 302. These old cases do not hold that in all events and under all circumstances it is imperative that the time and place of the tender and the refusal be alleged certainly and precisely. It is where time is the essence of a contract that the pleading must show the exact time when the tender was made. Where time is not the essence of the contract, the performance may be alleged in general terms, unless perchance the terms of the contract itself make a different rule applicable. Moreover, in the application of the rule which requires the court, upon the filing of a general demurrer to a pleading subsequent to the petition, to examine all previous pleadings, and, if such examination develops that a pleading anterior to the one demurred to is in and of itself insuffi-

cient to present a cause of action or defense, the demurrer should be carried back and sustained to such defective pleading, the sole test of the sufficiency of the pleading itself must be determined by the subject-matter of that pleading without reference to any other pleading in the record.

It appears to us that the petition standing alone is sufficient. There is another rule, however, that may be invoked to support the petition and that is the allegation in the petition itself that appellants repudiated the contract and refused to perform it. A tender is unnecessary where the vendor has repudiated the contract and has shown by his conduct or his words that the tender, if made, would be rejected. In such cases a tender is unnecessary as it would be a useless formality. We understand this court to have so held in the cases of Neal v. Finley 136 Ky. 346, 124 S. W. 348; Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A. (N. S.) 154; Harris v. Greenleaf, 117 Ky. 817, 79 S. W. 267, 25 Ky. Law Rep. 1940, 4 Ann. Cas. 849; Bolen v. Jenkins, 167 Ky. 297, 518 S. W. 351.

On the second point the rights and liabilities of the parties must be measured and determined by the contract itself, unless the contract was procured by fraud, or was the result of mutual mistake, or had been set aside by the subsequent agreement or acts of the parties. Preliminary negotiations between the parties prior to the written contract are merged in the writing. This is the general rule. Bassett v. Bassett, 159 Ky. 117, 166 S. W. 763; Ewing et al v. Bond et al., 185 Ky. 781, 215 S. W. 934. The written contract in this case, therefore, must be treated as covering all the terms of the contract between appellants and appellee. There is an effort to set out a contemporaneous parol agreement between the parties. If such an agreement could be established, it would affect the obligation of the written contract. Therefore no such pleading will be allowed, unless there are allegations charging that the parol agreement was omitted from the written contract through fraud or mutual mistake of the parties. If the terms of the written contract express the intention of the parties as agreed, the terms thereof cannot be varied by parol evidence, and as we understand the second paragraph of the answer, it attempts to set out a verbal agreement made at the time of the written agreement, which verbal agreement was different in its terms from the written agreement. The written contract shows that appellee accepted an offer to sell the

property as the purchaser of the property, while the second paragraph of the answer attempts to plead that he accepted the property for sale as the agent of the appellants. The chancellor did not err in sustaining a demurrer to the second paragraph of the answer.

The only other ground argued in the brief for appellants is that the judgment of the chancellor is not sustained by the evidence and is contrary to law. We have written it so often that it has become a general rule that we will give great weight to the findings of the chancellor on questions of fact. The evidence in this case supports the findings of the chancellor and certainly there can be no reason for our disturbing the judgment on this ground.

Judgment affirmed.