**F. R. ANDERSON, Appellant,**

v.

**Glen BRITT et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 29, 1963.

Rehearing Denied Feb. 28, 1964.

---

Val A. House, Jr., Scottsville, for appellant.

N. G. Goad, Scottsville, for appellees.

WARD YAGER, Special Commissioner.

Appellant, F. R. Anderson, through his agent, Ralph Warkentine, procured an oil and gas lease from appellees, Glen Britt and wife, Lucy, covering thirty-five acres, more or less, adjoining the northeastern city limits of Scottsville. Appellees also own a four-acre tract adjoining the thirty-five acres and separated from it by a fence. The four-acre tract extends to the city limits at North Eighth Street in Scottsville. Appellant, in his complaint, refers to the four-acre tract as "other lands of Defendant," and thereby recognizes that it is independent of the lease.

There are three gates on the four-acre tract between Eighth Street and the leased premises. These gates were on the four-acre tract prior to the execution of the lease.

Appellant filed this action claiming that appellees have refused him access to the leased premises through and across the other lands of Britt and seeking a restraining order against appellees and damages.

The leased thirty-five acres are described as follows: Bounded on the north by lands of Cy Kelley, on the east by lands of Glen Britt's barn and house lots, on the south by lands of G. M. Allen, on the west by lands of Henry Rush, and being the same land conveyed to appellees by one Allen and giving source of title. The deed, the source of appellees' title, and the lease to appellant are both in evidence.

Appellees contend that the four acres were not embraced in the lease, and that at the time of the execution of the lease, appellant's agent was informed that he would have to obtain access to the leased premises in a way other than over the four acres in question. The court found that appellant had not definitely shown that he had no other means of access to the thirty-five-acre lease.

Appellant admits in his evidence that he owns the Henry Rush lease and the Murrell Allen lease and that both join the Britt lease, and that he tried to obtain access over these lands to the Britt lease.

Appellant contends that the right of access to the lease is implied. The lease itself neither grants nor forbids access to the thirty-five acres leased. Appellant cites Neal v. Finley, 136 Ky. 346, 124 S.W. 348, for the proposition that a conveyance of a mineral interest in and to realty implies with it access over remaining lands of the grantor to premises concerned in the lease conveyance. That case does not govern this action inasmuch as it involved a contract to convey which contained a covenant to convey the mineral in a part of certain lands, together with all necessary mining rights. There is no such covenant here; the only writing involved is the oil and gas lease which contained no covenant of such nature.

An implied covenant is one which may reasonably be inferred from the whole agreement and the circumstances attending its execution. A covenant is viewed as implied in nature when its existence is inferred by legal construction from the use of certain words and phrases. There is no limitation upon the form or general character of the words which may lay the basis for the existence of an implied covenant. The primary concern in this connection is the intention of the parties to the instrument rather than the manner of its expression. However, implied covenants are not favored in the law. Such covenants can arise only where there is no expression on the subject. The courts will declare

implied covenants to exist only when there is a satisfactory basis in the express contract of the parties which makes it necessary to imply certain duties and obligations in order to effect the purposes of the parties to the contract made. Such covenants can be justified only upon the ground of legal necessity arising from the terms of a contract or the substance thereof. The implication from the words must be such as will clearly authorize the inference or an imputation in law of the creation of a covenant. It is not enough to say that it is necessary to make the contract fair, that it ought to have contained a stipulation which is not found in it, or that without such covenant it would be improvident, unwise, or operate unjustly. The covenants raised by law from the use of particular words in an instrument are only intended to be operative when the parties themselves have omitted to insert covenants. But when a party clearly indicates to what extent he intends to warrant or obligate himself, that is the limit of his covenant and the law will not hold him beyond it. 14 Am.Jur., Covenants, Section 14, page 490.

■ Appellant contends that the law implies a covenant for access across appellees' other land, and further that this implied covenant may not be contradicted by parol evidence. However, from the consideration of implied covenants, above, we see that the law will imply a covenant only where the parties do not express their intentions. 14 Am.Jur., Covenants, Section 14, page 490. As for the admissibility of parol evidence on the subject, this Court has long taken the position that while parol evidence may not be admissible to contradict or vary the provisions of a writing, the law is clear that where the contract is silent, or where the entire agreement is not reduced to writing and the parol evidence is only to supply the unwritten agreement, it is admissible. Ford v. Hurt, Ky., 265 S.W. 2d 475; Reynolds Metals Co. v. Barker, Ky., 256 S.W.2d 17; and Rudd-Melikian, Inc. v. Merritt, 6 Cir., 282 F.2d 924.

■ The law as it applies here is that Warkentine, appellant's agent, and Britt reached an agreement whereby appellant was to seek and use other means of ingress and egress. This was not stated affirmatively or negatively in the written lease; hence, the full agreement was not written. The parol evidence does not contradict any part of the writing, but rather it explains that a part of the agreement was not written into the contract. The parol evidence supplies that unwritten, noncontradictory agreement.

The evidence shows that temporary permission was given by appellees for appellant, and those under him, to use the four-acre tract as access to the leased thirty-five acres; that appellant was advised at the same time that he must procure a right of way otherwise; that appellant expected to and relied on doing so; that the gates on the four-acre tract were kept locked and the keys kept by appellees; and that permission to cross the four-acre tract was given only when specifically requested.

■ It is our conclusion that the four-acre tract is no part of the leased premises; that access over the four acres is not implied because the agreement of the parties is otherwise; and it is not shown definitely that the appellant was unable to obtain other access to the leased premises.

It is, therefore, our opinion that the judgment of the lower court should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.